IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELISSA RIDGLEY, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   2:12-cv-01311

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court are Motions for Summary Judgment [ECF No. 40, 65] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion [ECF No. 40] is **DENIED** and its Motion [ECF No. 65] is **GRANTED in part** and **DENIED in part**.

I.    **Background**

This action involves Indiana co-plaintiffs, one of whom was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape ("TVT"), on April 26, 2012, at St. Vincent Hospital, Indianapolis, Indiana, by Dr. Martina Mutone. Am. Short Form Compl. [ECF No. 12] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary

incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

II. Legal Standards

    A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as Ms. Ridgley did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the

court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Ridgley underwent the TVT implantation surgery in Indiana. Thus, the choice-of-law principles of Indiana guide the court's choice-of-law analysis.

The parties agree, as does the court, that these principles compel application of Indiana substantive law to the plaintiffs' claims. Indiana applies a modified *lex loci delecti* test: the substantive law of the place where the tort occurs controls the case unless the location of the tort is an insignificant contact. *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004). Ms. Ridgley is a resident of Indiana, and she underwent the TVT implantation surgery in Indiana. Indiana is thus not an insignificant contact—Indiana has a strong interest in resolving tort actions brought by one of its citizens for injuries arising from conduct alleged to have occurred within its territorial jurisdiction. Thus, I will apply Indiana substantive law to this case.

III. Analysis

Ethicon argues in its Motion [ECF. No. 40] it is entitled to summary judgment because Ms. Ridgley failed to timely disclose an expert. I have reviewed the law and facts set forth in the Motion in consideration of the five-factor *Hoyle* test, and I find that the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th. Cir. 2011). Accordingly, that motion is **DENIED**.

Ethicon argues in its Motion [ECF. No. 65] it is entitled to summary judgment because the plaintiffs' claims are subsumed by the Indiana Products Liability Act ("IPLA") and are without evidentiary or legal support.

### A. Effect of the Indiana Products Liability Act

As the law requires, and as both parties agree, IPLA requires all of the plaintiffs' causes of action to be consolidated into one claim for Ms. Ridgley's alleged personal injuries, "regardless of the substantive legal theory or theories upon which the action is brought." *See* Ind. Code § 34-20-1-1. The Supreme Court of Indiana has held that "[IPLA] govern[s] all product liability actions, whether the theory of liability is negligence or strict liability in tort." *Stegemoller v. ACandS, Inc.*, 767 N.E.2d 974, 975 (Ind. 2002) (quoting *Dague v. Piper Aircraft Corp.*, 418 N.E.2d 207, 212 (Ind. 1981)). Under IPLA, a plaintiff must show a product is defective and unreasonably dangerous through one of three theories: design defect, manufacturing defect, or failure to warn. *First Nat'l. Bank & Trust Corp. v. Am. Eurocopter Corp.,* 378 F.3d 682, 689 (7th Cir. 2004) (applying Indiana law).

Accordingly, the following claims are merged into IPLA: Count I–XII and XIV. Ethicon's Motion is **GRANTED** in that the following counts are subsumed into IPLA: (I) negligence, (II) strict liability – manufacturing defect, (III) strict liability – failure to warn, (IV) strict liability – defective product, (V) strict liability – design defect, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (IX) negligent misrepresentation, (X) negligent infliction of emotional distress, (XI) breach

5

of express warranty, (XII) breach of implied warranty, and (XIV) gross negligence.

### B. Deceptive Consumer Sales Act

Under Indiana's Deceptive Consumer Sales Act (count XIII), a pre-suit notice is required. *See* Ind. Code 24–5–0.5–2; *Lehman v. Shroyer*, 721 N.E.2d 365, 368 (Ind. Ct. App. 1999) (citing *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986) ("Thus, to establish liability, there must either be compliance with the notice requirements coupled with proof that the act is uncured or proof that the act is incurable." (internal quotation marks removed)). There is no dispute that pre-suit notice was not provided. Accordingly, Ethicon's Motion on this claim is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

### IV. Conclusion

For the reasons discussed above, the court **ORDERS** that Ethicon's Motion for Summary Judgment [ECF No. 40] is **DENIED**. The court further **ORDERS** that Ethicon's Motion for Summary Judgment [ECF No. 65] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: (I) negligence, (II) strict liability – manufacturing defect, (III) strict liability – failure to warn, (IV) strict liability – defective product, (V) strict liability – design defect,

(VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (IX) negligent misrepresentation, (X) negligent infliction of emotional distress, (XI) breach of express warranty, (XII) breach of implied warranty, (XIII) violation of consumer protection laws, and (XIV) gross negligence. Ethicon's Motion is **DENIED** in all other respects, including as to IPLA.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 8, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE